The opinion of the court was delivered by
Watkins, J.
The suit which gives rise to the present controversy was filed on the 22d of April, 1874, and the principal averments of the petition are that the defendant abandoned the matrimonial domicil, and has refused, and persistently refuses, to support her, and without justification or excuse. That he has ample means at his command, and expends same for his own gratification and pleasure, while she is left in necessitous circumstances, and forced to rely upon friends for support and maintenance. The prayer is that the defendant be cited to receive her at his domicil, and to furnish her, as his lawful wife, with the necessities of life according to his posi*tion and means, or, in the alternative, that she have judgment compelling him to give her aid and support in the sum of $100 per month. • To this petition the defendant tendered the general issue as an answer.
*1072 Immediately thereafter the plaintiff, suggesting to the court that inasmuch as some time would necessarily elapse before a trial could be had on the merits, she prayed for a rule on defendant to show-cause why “a provisional alimony of $100 per month should not be allowed petitioner pending this litigation, commencing from the filing of this suit, and payable in advance.”
To this rule the defendant excepted, on the ground that the petition in this ease shows no ground for alimony, as it is not a suit for separation or divorce, and alimony is allowable only in suits for separation or divorce pendente lite.
This exception was overruled, and on trial thereof the rule was made absolute, and defendant was adjudged to pay to the plaintiff “alimony at the rate of $100 per month” from the filing of the suit until the final determination thereof.
This decree was signed on June 1, 1874.
The original suit remained in statu quo, and on the 25th of January, 1884, a petition for the revival of the judgment rendered on said rule, and a citation thereunder, was duly served on the defendant in person a day or two subsequently, and a judgment of revival was signed, the defendant having made no appearance,' and the case being tried on default.
On the 24th of September, 1889, the present counsel appeared for the defendant, and filed a supplemental and amended answer, in which the following defences are set out substantially, viz:
That the plaintiff is without right to stand in judgment herein, and that the judgment rendered and signed therein on the 1st of June, 1874, should be annulled and set aside, as well as the judgment reviving same, and plaintiff’s demands rejected.
To this answer the plaintiff excepted, first, that the record shows full proof of her allegations and no defence; second, res judicata and prescription; and third, that the averments of defendant’s supplemental answer are unfounded in fact, and not consonant with good morals.
A trial was had on the merits, and a final judgment rendered and signed on the 12th of March, 1890, in favor of the defendant, and the plaintiff has appealed. The judgment not only rejected the plaintiff’s demands, but it also annulled the interlocutory decree of June 1, 1874, awarding alimony to the plaintiff pendente lite, and the judgment reviving same.
*1073 Hence this appeal presents the questions, first, whether the plaintiff is or was capacitated to stand in judgment against her husband as a defendant, in a suit for alimony pure and simple; second, had the judge a quo authority to annul the interlocutory decree awarding the plaintiff alimony pendente lite.'
I.
On the first proposition we feel bound to hold with the District Judge that the plaintiff did not have, and has not, the capacity to stand in judgment against her husband in this suit, it being for the recovery of alimony during the existence of their marriage, and unaccompanied with any demand for separation from bed and board, or for a divorce.
It is provided by Oode of Practice, Article 105, that “a married woman can not sue her husband so long as the marriage continues, except it be to obtain a separation from bed and board, or for the separation of property, or for the restitution and enjoyment of her paraphernal property, or in case she holds her .property separate from him by her marriage contract, or for divorce,” etc.
This language is prohibitive, and precludes a married woman from suing her husband in any case or for any cause other than those specifically mentioned in that article.
On this subject the provisions of the Civil Code are harmonious with those of the Code of Practice. For it is provided by Article 138 of the former, that, for the causes enumerated, either of the spouses may claim judicially a separation from bed and board; by Article 139, that married persons may reciprocally claim a divorce for certain specified causes; by Article 2391, that a wife has, during the marriage, a right of action against her husband for the restitution of her paraphernal effects; and by Article 2425, that a wife may petition her husband for a separation of property.
In case the wife sues for a separation, either from bed and board or divorce, and “has not a sufficient income for her maintenance” during the pendency of such suit, it is made the duty of the judge to allow her “a sum for her support, proportioned to the means of her husband.” R. C. C. 148.
These are the articles of the codes which control and govern the wife’s rights, and provide her remedies in matters between her husband and herself. They are exclusive of all others. They exclude *1074 the plaintiff’s right of action for the allowance of alimony against-her husband during the existence of the marriage, and uncoupled with any demand for a decree of separation from bed and board or divorce.
Plain and unambiguous as the quoted articles appear to be, they have undergone judicial investigation, and been interpreted in several cases, and notably in Heyob vs. Her Husband, 18 An. 41, Moore vs. Moore, 18 An. 615, and Holbrook vs. Holbrook, 32 An. 15; and in each of which the wife was held to have no cause of action for alimony in such case as this".
In the first case the court held that the plaintiff’s demands did not come within the provisions of Article 105 of the Code of Practice,, and said:
“The marriage is not dissolved, and she does not sue for a separaration from bed and board or divorce, nor for a separation of property, nor for the restitution and enjoyment of her paraphernal property; nor is she claiming any rights under and by virtue of a marriage contract.
“The plaintiff has not presented herself in a position before the court to obtain a judgment for alimony * * and we think the exception that no legal cause of action is shown should have been maintained.”
In the second case it was said that “ the general rule is that a wife has no right of action against her husband, but there are exceptions which are indicated in Article 105 of the Code of Practice.” After quoting it, the court say: “ This article prohibits, in the strongest words, any action by the wife against her husband, except those enumerated in it. She can not sue.”
In the third case the court announced the pith of the question concisely.”
“The demand for alimony by the wife against the husband is an incident to. a suit for separation or divorce — is accessory to it, and inseparable from it. An order or judgment for alimony is made pending such suit. A suit for alimony between such parties, disconnected with and not growing out of a suit for separation or iivorce, is an anomaly.”
Notwithstanding this suit was filed in 1874, it was suffered to remain untried and not disposed of until 1890. It was put at issue in the interim by an answer. To the plaintiff’s rule on defendant to show cause why a provisional alimony should not be allowed her *1075 pending the litigation, the latter excepted on the grounds stated in Code o.f Practice, Article 105; and consistently therewith he has recently supplemented his answer by averring that the plaintiff was without right to stand in judgment. The case was an open one, and the issues were appropriately and correctly determined by the lower judge. The plaintiff had no capacity to stand in judgment on the issues presented, and her demands were correctly rejected.
II.
The same argument and authority cited in the preceding paragraph are alike applicable to this one. Though judgment was taken on a rule for alimony, pendente lite, the right was resisted and denied by the defendant; and the issue raised thereon was precisely the same as that raised in the petition. After the judgment had been rendered on the rule, decreeing the plaintiff entitled to alimony, there was in reality nothing for determination on final trial if, in law, that judgment was valid and could stand. But as that decree was only a preliminary one — an interlocutory decree — something else was necessary to found the plaintiff’s demand, i. e., a final judgment on the merits. And as it was an interlocutory decree, and inconsistent with the final judgment rendered in the cause, it was necessarily annulled by the latter, in effect as well as in terms.
Inasmuch as there is no demand made in the plaintiff’s petition for a decree of divorce or separation from bed and board against her husband, a case for alimo.ny is not stated, and the interlocutory judgment awarding alimony in her favor pendente lite is stricken with a radical and incurable nullity, and must be revoked. Prescription and res judicata can not save it.
Judgment affirmed.